IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ALONZO MCRUNNELS, #110131**                                        **PETITIONER**

**VERSUS**                                  **CIVIL ACTION NO. 5:07-cv-3-DCB-MTP**

**WARDEN BYRD**                                                     **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

The Petitioner, an inmate of the Mississippi Department of Corrections, filed a request for habeas corpus relief pursuant to 28 U.S.C. § 2254 and requested *in forma pauperis* status. On January 10, 2007, an order was entered directing the Petitioner to file a completed application for leave to proceed *in forma pauperis* or pay the required $5.00 filing fee, within twenty days. The Petitioner was warned in this order that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order may result in the dismissal of his case. The Petitioner failed to comply with this order.

On February 20, 2007, an order was entered directing the Petitioner to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's January 10, 2007 order. The Petitioner was warned in the show cause order that failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his case, without further written notice. The Petitioner has not complied with the show cause order.

The Petitioner has failed to comply with two Court orders. It is apparent from the Petitioner's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Petitioner has not complied with two court orders, nor has he contacted this Court since January 9, 2007. The Court concludes that dismissal of this action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Respondent has never been called upon to respond to the Petitioner's pleading and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 29th day of March, 2007.

                                    S/DAVID BRAMLETTE
                                    UNITED STATES DISTRICT JUDGE